IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN PARTIPILO, ) | |
| ) | Case No. 16-cv-04450 |
| Plaintiff, ) | |
| ) | Hon. Thomas F. Durkin |
| v. ) | |
| JEWEL FOOD STORES, INC., RICH ) | Hon. Sheila Finnegan |
| CYGAN, and RON MAJOR, ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

### INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

Plaintiff Eileen Partipilo filed her Complaint in this case on April 19, 2016, alleging that her employer, Jewel Food Stores, Inc., and one or both of her supervisors, Ron Major and Rich Cygan, discriminated against her on the basis of her age and sex, sexually harassed her, retaliated against her, and committed the torts of intentional infliction of emotional distress, battery, and assault against her. Her claims arise under the Age Discrimination in Employment Act, as amended ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); Illinois Human Rights Act ("IHRA"); and Illinois tort law.

Upon review of the Complaint and research into the applicable law, Defense counsel determined that several of the claims were not viable. Specifically, the tort claims (Counts 6, 9, and 10) were time-barred; the claims brought under Title VII and the ADEA (Counts 1, 2, 3, and 7) could not be maintained against supervisors in their individual capacity; and the claims brought under the IHRA (Counts 4, 5, and 8) were procedurally barred. In an attempt to resolve this dispute without court intervention, on June 8, 2016, Defendants' counsel wrote a letter to Plaintiff's counsel outlining their position. Defendants further stated that if Plaintiff did not

1

voluntarily dismiss the claims, they would file a motion to dismiss the claims and would consider filing a motion for sanctions. *See* Exhibit A. When the parties' counsel discussed Defendants' letter by phone shortly after June 8, Plaintiff's counsel indicated that he would probably dismiss all the claims raised in the letter, but needed to confirm with his client.

On July 6, 2016, Plaintiff filed a notice of voluntary dismissal as to the age and sex discrimination claims under the IHRA (Counts 4 and 5) in their entirety, and the federal age and sex discrimination claims (Counts 2 and 3) as to defendant Cygan. *See* Docket No. 13. Accordingly, the Title VII and ADEA claims against Major, the sexual harassment claim under the IHRA, and all the tort claims remained. When counsel conferred by phone later that day, Plaintiff's counsel indicated that he intended to correct the notice of voluntary dismissal to clarify that the sexual harassment claim under the IHRA (Count 8) was dismissed in its entirety, and the Title VII and ADEA claims (Counts 1, 2, 3, and 7) were dismissed against Major. Plaintiff's counsel further stated, however, that contrary to his prior representation that the tort claims would be dismissed, his client did not want to dismiss the tort claims based on a theory that they would be stayed and therefore not be time-barred. He did not explain under what legal theory the common law tort claims could possibly be stayed. Accordingly, Defense counsel asked Plaintiff's counsel to provide authority to support his assertion that the tort claims might be stayed by July 13, 2016 so that Defense counsel could prepare a motion to dismiss and consider whether they should not move for sanctions. *See* Exhibit B.

Defense counsel again asked for clarification on which claims Plaintiff intended to voluntarily dismiss on July 14, 2016. Plaintiff's counsel responded that he would respond as soon as possible. *See id.* On July 19, 2016, in response to a further inquiry from Defense counsel, Plaintiff's counsel wrote, "I will be dropping the other IHRA counts and the other supervisors on

2

Title VII." *See id.* Since Plaintiff's counsel made no reference to the tort claims, Defense counsel reiterated her request for Plaintiff's basis for asserting that the tort claims were stayed and not time-barred. *See id.* Plaintiff's counsel did not respond, nor did Plaintiff voluntarily dismiss the remaining IHRA claim or the federal counts against the individuals.

On July 25, 2015, Defendants' counsel forwarded a copy of the instant motion to Plaintiff's counsel, and informed him that, in accordance with Fed. R. Civ. P. ("Rule") 11(c), they would file the motion if Plaintiff did not withdraw his retaliation claims within 21 days. *See* Exhibit C. As of August 15, 2016, Plaintiff's counsel has not responded to Defendants' motion. Accordingly, Defendants ask that sanctions be imposed on Plaintiff and her counsel pursuant to Rules 11(b)(2) and 11(b)(3), and that they be reimbursed for the attorneys' fees incurred in drafting the memorandum of law in support of Defendants' motion to dismiss, the motions to extend the time to answer Plaintiff's Complaint, and the instant motion for sanctions.

## ARGUMENT

### A.    Standard of Review

Under Rule 11, a court may impose sanctions against a party for making frivolous legal or factual contentions that lack evidentiary support. Rules 11(b) & (c); *see also Brunt v. SEIU*, 284 F.3d 715, 721 (7th Cir. 2002); *Cuna Mut. Ins. Soc'y v. Office & Prof. Employees Int'l Union*, 443 F.3d 556, 560 (7th Cir. 2006). Rule 11 requires a federal court to assess "whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc'y*, 443 F.3d at 560 (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987) (citations omitted)). The test under Rule 11 is an "objective" one which imposes a burden upon attorneys to "do the necessary work to find the law *before* filing the brief" or other paper. *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) (emphasis in

original). "It is not acceptable to make an assertion of law and hope that it will turn out to be true." *Id.*

There are two grounds for sanctions under Rule 11: the "frivolousness" clause and the "improper purpose" clause. *Ridge v. U.S. Postal Serv.*, 154 F.R.D. 182, 184 (N.D. Ill. 1992). Under the "frivolousness clause," sanctions are warranted if either: (a) the party has not made a reasonable inquiry into the governing law, or (b) the party has not made a reasonable inquiry into the facts of the case. *Id.* (citing *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987)); *see also* Rule 11(b)(2) (requiring that the claims, defenses, and legal contentions set forth in a pleading be "warranted by existing law"). Under the "improper purpose" clause, sanctions are appropriate where a party uses a pleading, motion, or other paper "for purposes of delay, harassment, or increasing the costs of litigation." *Id.* (quoting *Brown*, 830 F.2d at 1436); Rule 11(b)(1). This analysis is analogous to the common law torts of abuse of process, based on the filing of objectively frivolous suits, and malicious prosecution, based on the filing of a colorable suit in order to impose expense on the defendant. *Id.* (citing *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987), cert. denied, 485 U.S. 901 (1988)).

Here, certain of Plaintiff's claims violate Rule 11 because they are both frivolous and brought for an improper purpose. Accordingly, sanctions against Plaintiff and her counsel are warranted.

A. **Sanctions are Appropriate Because Plaintiff did not Make a Reasonable Legal Inquiry or Proceeded Knowing her Claims were Frivolous**

    1. **Plaintiff Proceeded with the Tort Claims Knowing They Were Time-Barred**

The statute of limitations for the tort claims alleged in Counts 6, 9, and 10 is two years. 735 ILCS 5/13-202; *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006) (statute of

4

1746024.2

limitations for personal injuries governs tort claims). As stated in the Complaint, the acts allegedly giving rise to Plaintiff's tort claims allegedly occurred in March and April of 2013, and certainly could not have occurred any later than early May of 2013, when the alleged tortfeasor, Major, was moved to a different store and replaced by a different produce manager. *See* Cp. at ¶¶ 73-75. Since Plaintiff filed her Complaint almost three full years after these alleged events, her tort claims are clearly untimely.

Counsel for both parties discussed this issue during their telephone conference. Further, during that conference, Plaintiff's counsel acknowledged the case law in this Circuit making clear that Plaintiff's subsequent filing of an EEOC charge did not toll the statute of limitations for her state-law tort claims. However, when asked for the basis on which these claims might be stayed, Plaintiff's counsel provided no explanation.

It is black-letter law in this Circuit that the statute of limitations for state-law tort claims is not tolled by the filing of an EEOC charge. *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 323 (7th Cir. 1992) (in holding that the plaintiff's state-law invasion of privacy claim was untimely, finding that the statute of limitations for that claim was not tolled by the plaintiff's having filed a discrimination charge with the EEOC); *Ho v. Abbott Labs.*, No. 11 C 09257, 2014 WL 4627815, at *8 (N.D. Ill. Sept. 16, 2014), *aff'd sub nom. Ho v. Abbott Labs., Inc.*, 618 F. App'x 852 (7th Cir. 2015); *Ralford v. E.B.N. Enterprises, Inc.*, No. 01 C 9393, 2002 WL 1397002, at *1 (N.D. Ill. June 26, 2002) ("Because Ralford's defamation claim sounds in state law and not federal law, he cannot rely on the pendency of his EEOC charge to toll the one-year statute of limitations on his defamation-based claim."). Other circuits that have considered this issue have reached the same conclusion as the Seventh Circuit. *See, e.g., Castagna v. Luceno*, 744 F.3d 254, 258 (2d Cir. 2014); *Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir. 1987).

As this case law explains, Plaintiff's tort claims are barred by the applicable two-year statute of limitations. Nonetheless, Plaintiff ignored this clear precedent in insisting on proceeding on her tort claims. In such circumstances, courts in the Seventh Circuit have not hesitated to impose sanctions. *See, e.g., Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 753 (7th Cir. 1988) (quoting *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir. 1986) ("No competent attorney who made a reasonable inquiry into the state of the law . . . could have thought the [pleading] had any possible merit. He should have known it was time-barred."). This Court should award sanctions in this situation as well.

2. **Plaintiff's Continuing to Pursue Title VII and ADEA Claims Against Major Should be Sanctioned**

More than two months ago Defense counsel provided Plaintiff's counsel with citations to long-standing authority making it clear that a supervisor is not liable in his individual capacity under Title VII or the ADEA. *See* Exhibit A. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) ("a supervisor does not, in his individual capacity, fall within Title VII's definition of an employer"); *Wierciszweski v. Granite City Illinois Hospital Company, LLC*, 2011 WL 1615191 at *3 (S.D. Ill. 2011) (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) (concluding there is no individual liability under the ADEA)). Although Plaintiff's counsel represented on several occasions that he would dismiss Cygan and Major from the Title VII and ADEA claims, he has to-date dismissed only Cygan, not Major.

Plaintiff's intransigence in refusing to dismiss Major from these claims indicates that she or her attorney did not make a reasonable inquiry into the governing law and/or elected to keep the claims against Major knowing that they were frivolous. In either case, such misconduct demands the imposition of sanctions. *Henry v. Farmer City State Bank*, 127 F.R.D. 154, 156 (C.D. Ill. 1989) (court imposed sanctions where it found that the attorney breached his duty "to

6

review the law to determine whether the facts fit within a recognized entitlement to relief") (quoting *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985)); *Dohm v. Gilday*, No. 02 C 9056, 2004 WL 1474581, at *1 (N.D. Ill. June 29, 2004) (same; attorney and party failed to conduct "reasonable research" into the legal and factual bases of the claims before filing legal documents). Accordingly, sanctions are warranted for Plaintiff's conduct.

### 3. Plaintiff Refused to Dismiss the IHRA Sexual Harassment Claim Despite Recognizing that it is Procedurally Barred

Although Plaintiff's attorney represented that Plaintiff would dismiss all the IHRA counts, she has not dismissed the IHRA claim of sexual harassment against Jewel and Major (Count 8). Defense counsel apprised Plaintiff's counsel of the authority mandating dismissal of all the IHRA claims, but once again, Plaintiff has ignored this established law in proceeding with this claim. Plaintiff has inexplicably dismissed some, but not all, of the IHRA claims even though the same procedural bar applies to each and every claim. Accordingly, Plaintiff and her counsel should be sanctioned for pursuing this claim.

The IHRA claims must be dismissed against all defendants because Plaintiff failed to comply with the procedural requirements of the IHRA. Specifically, 775 ILCS 5/7A-102(A-1)(2) provides in relevant part that:

> If the EEOC finds reasonable cause to believe that there has been a violation of federal law and if the [IDHR] is timely notified of the EEOC's findings by complainant, the [IDHR] shall notify complainant that the [IDHR] has adopted the EEOC's determination of reasonable cause and that complainant has the right, within 90 days after receipt of the [IDHR's] notice, to either file his or her own complaint with the Illinois Human Rights Commission or commence a civil action
> . . .

Further, a complainant is required to provide the IDHR with written notice of the EEOC's finding within 30 days of receipt of the finding. 775 ILCS 5/7A-102(A-1)(1).

On October 30, 2013, the IDHR sent Plaintiff a letter notifying her that her Charge had been filed with the IDHR, but that it would not take action on her Charge while the EEOC

7

investigated her allegations. *See* Exhibit D. The IDHR further advised Plaintiff of her right to have the IDHR take further action on her Charge after the EEOC issued its findings, instructing her as follows: "After the EEOC issues its findings, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you." *See id.*

Plaintiff did not notify the IDHR of the EEOC's findings, which were issued on September 25, 2015. *See* Exhibit E. Thus, Plaintiff's IHRA claims are procedurally barred because she did not receive a dismissal notice from the IDHR. Specifically, since she did not notify the IDHR of the EEOC's findings within 30 days of receiving the findings, she did not receive notice of her right to sue on the IHRA claims prior to filing her lawsuit. *See Golden v. World Sec. Agency, Inc.*, 884 F. Supp. 2d 675, 696 (N.D. Ill. 2012) (explaining procedural prerequisites for filing IHRA claims where a complainant has filed an EEOC charge). Accordingly, Count 8 must be dismissed in its entirety since Plaintiff did not comply with the requisite IDHR procedures.

### B. Plaintiff's Repeated Refusal to Dismiss the Defective Claims Was Harassing and in Bad Faith

The propositions Defendants brought to Plaintiff's counsel's attention are not novel or newly established, nor is there conflicting authority. The elements and methods of proof have long been established. Moreover, Plaintiffs' counsel initially agreed to dismiss all the claims that are the subject of this motion. In light of this, the only reasonable conclusion that can be drawn from Plaintiff's and her counsel's actions is that the refusal to dismiss the claims discussed above was motivated by an improper purpose, such as delay or increasing the costs of litigation to force a settlement. *Burda v. M. Ecker Co.*, No. 89 C 8605, 1992 WL 112235, at *5 (N.D. Ill. May 21, 1992), *aff'd as modified*, 2 F.3d 769 (7th Cir. 1993) (holding that it was "reasonable to presume"

that the plaintiff's arguments "were pursued to 'vex' defendants" where the arguments lacked any colorable legal support and imposing sanctions); *see also In re TCI,* 769 F.2d at 445 (if "a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious"). Accordingly, the Court should hold that Plaintiff and her counsel violated Rule 11 and that sanctions must be imposed.

## CONCLUSION

For all of these reasons, the Court should grant Defendants' Motion for Sanctions and order Plaintiff and/or her counsel to reimburse Jewel for its fees and costs incurred in drafting the memorandum of law in support of Defendants' motion to dismiss, the motions to extend the time to answer Plaintiff's Complaint, and the instant motion for sanctions.

    Respectfully submitted,

    JEWEL FOOD STORES, INC., RICH CYGAN and
    RON MAJOR, Defendants

    By: /s/Lindsey M. Marcus – 6297111
         lmm@franczek.com

Michael A. Warner, Jr. - 06208011
maw@franczek.com
Franczek Radelet, P.C.
300 S. Wacker, Suite 3400
Chicago, IL 60606
(312) 986-0300

Dated: August 16, 2016

9

1746024.2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** to be served upon the following counsel of record via electronic mail and First Class U.S. Mail, postage prepaid, on the 25th day of July, 2016:

>Frank Avila
>Avila Law Group, LLC
>6601 N. Avondale
>Suite 203
>Chicago, IL 60631
>FrankAvilaLaw@GMail.com


>/s/ Lindsey M. Marcus

1756337.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 16th day of August, 2016:

>Frank Avila
>Avila Law Group, LLC
>6601 N. Avondale
>Suite 203
>Chicago, IL 60631
>FrankAvilaLaw@GMail.com

>/s/ Lindsey M. Marcus – 6297111
>lmm@franczek.com
>
>Michael A. Warner, Jr. - 06208011
>maw@franczek.com
>Franczek Radelet, P.C.
>300 S. Wacker
>Suite 3400
>Chicago, IL 60606
>(312) 986-0300

1746024.2