# EXHIBIT A

# FranczekRadelet
ATTORNEYS & COUNSELORS

300 SOUTH WACKER DRIVE, SUITE 3400 | CHICAGO, IL 60606
T: 312.986.0300 | F: 312.986.9192 | WWW.FRANCZEK.COM

LINDSEY M. MARCUS
312.786.6178
lmm@franczek.com

June 8, 2016

**VIA EMAIL AND U.S. MAIL**

Mr. Frank Avila
6601 N. Avondale Ave., Suite 203
Chicago, IL 60631
frankavilalaw@gmail.com

      Re:    **Eileen Partipilo v. Jewel Food Stores, Inc., et al.**
              **U.S. District Court for the Northern District of Illinois, No. 16-cv-04450**

Dear Mr. Avila:

      I am writing to follow up on our recent telephone conversation regarding the Complaint in the above-referenced matter. During our conversation, you requested that we inform you of any claims in the Complaint which we believe are vulnerable to a motion to dismiss. As explained below, the claims against the individual defendants are all time barred and/or outside the scope of Ms. Partipilo's EEOC/IDHR Charge (the "Charge")). The Illinois Human Rights Act claim against both the individual defendants and Jewel is also procedurally barred. Accordingly, please confirm by no later than **June 17, 2016** that your client will voluntarily dismiss these claims and/or file an amended complaint that omits these claims so that we may conserve the parties' and the court's resources by not having to brief a motion to dismiss.

**Tort Claims are Time-Barred**

      Counts 6, 9, and 10 allege, respectively, the torts of intentional infliction of emotional distress, assault, and battery. As you are aware, the statute of limitations for these torts in Illinois is two years. 735 ILCS 5/13-202. As stated in the Complaint, the acts alleged in support of these claims allegedly occurred in March and April of 2013 and certainly could not have occurred any later than early May of 2013, when Ron Major was moved to a different store and replaced by a different produce manager. *See* Complaint at ¶¶ 73-75. Accordingly, these claims are barred by the statute of limitations.

**Federal Claims Against Supervisors are not Permitted**

      Counts 1, 3, and 7 allege violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), against Jewel and one or both individual defendants. Count 2 alleges violations of the Age Discrimination in Employment Act, as amended ("ADEA"), against Jewel, Ron Major, and Rich Cygan. Individuals may not be held liable under these statutes. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998); *Wierciszweski v. Granite City*

1723134.2

FRANCZEKRADELET
ATTORNEYS & COUNSELORS

Frank Avila
June 8, 2016
Page 2

*Illinois Hospital Company, LLC*, 2011 WL 1615191 at *3 (S.D. Ill. 2011) (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995)). Accordingly, these counts must be dismissed against Major and Cygan.

**IHRA Claims are Procedurally Barred**

Counts 4, 5, and 8 allege violations of the Illinois Human Rights Act ("IHRA"). These claims must be dismissed against all defendants because Ms. Partipilo failed to comply with the procedural requirements of the IHRA. Specifically, 775 ILCS 5/7A-102(A-1)(2) provides in relevant part that:

> If the EEOC finds reasonable cause to believe that there has been a violation of federal law and if the [IDHR] is timely notified of the EEOC's findings by complainant, the [IDHR] shall notify complainant that the [IDHR] has adopted the EEOC's determination of reasonable cause and that complainant has the right, within 90 days after receipt of the [IDHR's] notice, to either file his or her own complaint with the Illinois Human Rights Commission or commence a civil action...

Further, a complainant is required to provide the IDHR with written notice of the EEOC's finding within 30 days of receipt of the finding. 775 ILCS 5/7A-102(A-1)(1).

On October 30, 2013, the IDHR sent Ms. Partipilo a letter notifying her that her Charge had been filed with the IDHR, but that it would not take action on her Charge while the EEOC investigated her allegations. *See* Exhibit 1. The IDHR further advised Ms. Partipilo of her right to have the IDHR take further action on her Charge after the EEOC issued its findings, instructing her as follows: "After the EEOC issues its findings, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you." *See id.*

Ms. Partipilo did not notify IDHR of the EEOC's findings, which were issued on September 25, 2015. *See* Exhibit 2. Thus, Ms. Partipilo's IHRA claims are procedurally barred because she did not receive a dismissal notice from the IDHR. Specifically, since she did not notify the IDHR of the EEOC's findings within 30 days of receiving the findings, she did not receive notice of her right to sue on the IHRA claims prior to filing her lawsuit. *See Golden v. World Sec. Agency, Inc.*, 884 F. Supp. 2d 675, 696 (N.D. Ill. 2012) (explaining procedural prerequisites for filing IHRA claims where a complainant has filed an EEOC charge). Accordingly, Counts 4, 5, and 8 must be dismissed in their entirety since Ms. Partipilo did not comply with the requisite IDHR procedures.

In the alternative, the IHRA claims are subject to dismissal against Major and Cygan because these individual defendants were not named or referred to in Ms. Partipilo's Charge. In general, a party not named in an EEOC charge may not be sued under Title VII. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).)). Here, neither Cygan nor Major was named or alluded to in the Charge. Rather, Ms. Partipilo's Charge merely asserts that she was subjected to age- and sex-based comments and sexual

1723134.2

# FranczekRadelet
ATTORNEYS & COUNSELORS

Frank Avila
June 8, 2016
Page 3

harassment, and denied a full-time position. As such, Major and Cygan were unaware that Ms. Partipilo sought to bring claims against them individually, and did not have the opportunity to participate in conciliation proceedings at the EEOC. In similar circumstances, courts in the Northern District of Illinois have not hesitated to dismiss claims against individuals. *See, e.g., Blatnicky*, 1995 WL 493474, at *3-*5. Therefore, for this additional reason, the IHRA claims against Major and Cygan fail.

Accordingly, for the reasons stated above, we intend to file a motion to dismiss the aforementioned claims. Moreover, given the straightforward and well settled law that compels dismissal of the claims identified above, the continued pursuit of these claims may very well be subject to sanctions under Rule 11.

Please note that in identifying the specific legal deficiencies of the above claims, Defendants in no way concede that the other claims not discussed above are in any way viable or meritorious.

Please confirm that your client will drop the claims specified above by no later than Friday, June 17, 2016. Thank you in advance for your cooperation.

Very truly yours,

*Lindsey M. Marcus*

Lindsey M. Marcus

LMM:jlm

1723134.2

# ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

October 30, 2013

Ms. Eileen Partipilo
8159 West Rascher
Chicago, IL 60656

Re: Eileen Partipilo vs. Jewel Osco, <u>Control No. 141021-027</u>

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:** Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.
**In Person:** Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS

CC Jewel Osco
2520 North Narragansett Ave.
Chicago, IL 60639

*RE1_EEOC 30 Rev: 12/11*

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (217) 785-5125, Housing Line (800) 662-3\_
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.state.il.us/dhr





ILLINOIS DEPARTMENT OF
**Human**Rights

Bruce Rauner, Governor
Rocco J. Claps, Director



RECEIVED
5-31-16

May 20, 2016

Lindsey M. Marcus
Franczek Radelet
Attorneys & Counselors
300 South Wacker Drive
Suite 3400
Chicago, IL 60606

RE: Freedom of Information Act Request ("FOIA"):
Eileen Partipilo v Jewel Food Stores
EEOC Charge No.: 440-2013-05630

Dear Ms. Marcus:

You requested the Illinois Department of Human Rights ("Department") to provide a copy of the above-named file.

Section 3 of the Freedom of Information Act states that each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act. 5 ILCS 140/3(a).

The Department's records do not indicate that it investigated a charge filed by Eileen Partipilo ("Ms. Partipilo") against Jewel Food Stores. The Department's records show that Ms. Partipilo filed a charge against Jewel Food Stores with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Department.

The Department's records show that on September 20, 2013, Eileen Partipilo ("Ms. Partipilo") filed a charge against Jewel Food Stores with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Department. On October 30, 2013, the Department notified Ms. Partipilo, via mail, that in order to proceed with her charge before the Department she must notify the Department in writing within 30 days after receiving the EEOC's findings. However, the Department's records do not show that Ms. Partipilo notified the Department in writing of her intent to proceed before the Department. Therefore, the Department did not investigate Ms. Partipilos' allegations. As such, the Department is unable to provide the requested material. Nonetheless, the Department is providing the documentation it has in its possession as to the aforementioned matter.

To the extent you consider this response to be a denial of your FOIA request, you have the right to submit a request for review by the Public Access Counselor ("PAC") of the Office of the Illinois Attorney General to: Public Access Counselor, Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706, Fax: 217-782-1396, E-mail: publicaccess@atg.state.il.us. If you choose to submit a request for review, you must do so within 60 days after the date of this response letter. The request for review must be in writing, signed by you, and include a copy of your FOIA request and this office's response. 5 ILCS 140/9.5(a). In addition, you have the right to seek judicial review of this response. 5 ILCS 140/11(a), (b).

Sincerely,

Yolanda D. Godwin

Yolanda G. Godwin
FOIA Officer

Encls.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (217) 785-5125, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.dhr/gov



EXHIBIT 2

# EXHIBIT B

| | |
|---|---|
| From: | Frank Avila |
| To: | Marcus, Lindsey M. |
| Subject: | Re: Activity in Case 1:16-cv-04450 Partipilo v. Jewel Food Store, Inc. et al notice of voluntary dismissal |
| Date: | Tuesday, July 19, 2016 11:08:06 AM |

I will be dropping the other IHRA counts and the other supervisors on Title VII

On Tuesday, July 19, 2016, Marcus, Lindsey M. <lmm@franczek.com> wrote:

> Frank, please advise on plaintiff's intentions regarding the claims at issue. As you know, our deadline to respond to the complaint is a week from today, so we need to know ASAP whether to begin preparing a motion to dismiss and motion for sanctions.
>
> Regards,
>
> Lindsey Marcus
>
> **From:** Frank Avila [mailto:frankavilalaw@gmail.com]
> **Sent:** Thursday, July 14, 2016 9:23 AM
> **To:** Marcus, Lindsey M.
> **Subject:** Re: Activity in Case 1:16-cv-04450 Partipilo v. Jewel Food Store, Inc. et al notice of voluntary dismissal [IWOV-IManage1.FID201116]
>
> I will get back to you as soon as possible.
>
> There may be another attorney coming in on the case. So I am trying to figure that out.
>
> On Thu, Jul 14, 2016 at 3:13 AM, Marcus, Lindsey M. <lmm@franczek.com> wrote:
>
>> Frank – I believe we had discussed that you would get back to me by July 13 (yesterday) to clarify which claims the plaintiff intends to voluntarily dismiss in this matter. Please advise.
>>
>> Thanks,
>>
>> Lindsey Marcus

**From:** Marcus, Lindsey M. [mailto:lmm@franczek.com]
**Sent:** Wednesday, July 06, 2016 5:24 PM
**To:** frankavilalaw@gmail.com
**Cc:** Warner, Michael A., Jr.; '2222_116001 JEWEL FOOD STORES_ INC_ _ Eileen Partipilo v_ Jewel_ Case No_ 16_cv_4450 E_mail'
**Subject:** FW: Activity in Case 1:16-cv-04450 Partipilo v. Jewel Food Store, Inc. et al notice of voluntary dismissal [IWOV-iManage1.FID201116]

Frank,

As I mentioned on the phone today, I was confused by the Notice of Voluntary Dismissal that you filed, as it did not appear to be consistent with what we had previously discussed. The Notice dismissed Counts 4 and 5 (IHRA/age and sex discrimination) in their entirety, as well as Counts 2, 3, and 4 against Cygan (ADEA, Title VII sex discrimination, and IHRA age discrimination, which I note was not brought against Cygan). You indicated that you would the correct the Notice to dismiss Count 8 (IHRA/sexual harassment) in its entirety and Counts 1, 2, 3, and 7 (federal claims) against Major. You also indicated that your client wants to keep Counts 6, 9, and 10 (the tort claims) based on a theory that they will be stayed and therefore not be time-barred. You did not tell me what that theory is, but you did acknowledge that tort claims are not stayed pending an EEOC/IDHR investigation. Please confirm my understanding of your intentions is correct no later than Wednesday, July 13.

Also, as I mentioned, we believe that not dismissing the tort claims is grounds for sanctions, and may file a motion for sanctions if these claims remain in the complaint. If you have authority to support your claim that the tort claims might be stayed, please provide it to me by July 13 so that we may consider whether we should not move for sanctions.

Regards,

Lindsey Marcus

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov [mailto:usdc_ecf_ilnd@ilnd.uscourts.gov]
**Sent:** Wednesday, July 06, 2016 1:08 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:16-cv-04450 Partipilo v. Jewel Food Store, Inc. et al notice of voluntary dismissal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1

Notice of Electronic Filing

The following transaction was entered by Avila, Frank on 7/6/2016 at 1:07 PM CDT and filed on 7/6/2016

**Case Name:** Partipilo v. Jewel Food Store, Inc. et al
**Case Number:** 1:16-cv-04450
**Filer:** Eileen Partipilo
**Document Number:** 13

**Docket Text:**
NOTICE of Voluntary Dismissal by Eileen Partipilo *without prejudice* (Avila, Frank)


**1:16-cv-04450 Notice has been electronically mailed to:**

Frank B. Avila     FrankAvilaLaw@GMail.com

Lindsey M. Marcus     lmm@franczek.com, lmp@franczek.com

Michael A. Warner , Jr     maw@franczek.com, bcs@franczek.com

**1:16-cv-04450 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/6/2016] [FileNumber=16247858-0
] [a0a353d8764de558c610385496ad05fffe705b6db763319a11eafcfcc97cac871be
cccf453521e30787d944f684e5bc57ae7bf5bc297da95c8506bb6f905d626]]

# EXHIBIT C

# FranczekRadelet
ATTORNEYS & COUNSELORS

300 SOUTH WACKER DRIVE, SUITE 3400 | CHICAGO, IL 60606
T: 312.986.0300 | F: 312.986.9192 | WWW.FRANCZEK.COM

LINDSEY M. MARCUS
312.786.6178
lmm@franczek.com

July 25, 2016

**VIA EMAIL AND U.S. MAIL**
Frank Avila
Avila Law Group, LLC
6601 N. Avondale, Suite 203
Chicago, IL 60631
FrankAvilaLaw@GMail.com

    Re:    *Partipilo v. Jewel Food Stores, Inc., et al.*
            **U.S. District Court for the Northern District of Illinois No. 16 cv 04450**

Dear Mr. Avila,

    I enclose a proposed motion for sanctions under Rule 11 that Defendants in the above-referenced matter intend to file if you do not voluntarily dismiss the tort claims (Counts 6, 9, and 10), the remaining claim under the Illinois Human Rights Act (Count 8), and the federal claims against individual defendant Ron Major (Counts 1, 2, 3, and 7). As we have previously discussed, our review of the Complaint suggests that you have not fulfilled your obligation under Rule 11 of the Federal Rules of Civil Procedure to conduct a reasonable inquiry as to the legal and factual bases for your client's claims before filing the Complaint.

    As set forth in the motion, we have, on multiple occasions, laid out in detail the reasons that these claims cannot stand. These claims lack any foundation in law or fact, and thus fail to meet the standards set forth in Fed. R. Civ. P. 11(b). Based on your statements to me, it appears that you understand this to be the case. Accordingly, we are perplexed by your insistence on maintaining these defective claims. I hope that by reiterating Defendants' concerns in this letter and in the attached motion, you will promptly dismiss the improper claims.

    Please let me know by August 15, 2016, whether you will voluntarily dismiss the claims discussed in the attached motion with prejudice. If you do not, we will file the attached motion with Court.

                                    Very truly yours,

                                    Lindsey M. Marcus

LMM:lmp
Enclosures

1746465.1

# EXHIBIT D

# ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

October 30, 2013

Ms. Eileen Partipilo
8159 West Rascher
Chicago, IL 60656

Re: Eileen Partipilo vs. Jewel Osco, Control No. 141021-027

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings,** if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:** Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:** Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS

CC Jewel Osco
2520 North Narragansett Ave.
Chicago, IL 60639

RE1_EEOC 30 Rev: 12/11

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (217) 785-5125, Housing Line (800) 662-3[?]
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.state.il.us/dhr



# EXHIBIT E



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Rocco J. Claps, Director



RECEIVED
5-31-16

May 20, 2016

Lindsey M. Marcus
Franczek Radelet
Attorneys & Counselors
300 South Wacker Drive
Suite 3400
Chicago, IL 60606

RE: Freedom of Information Act Request ("FOIA"):
Eileen Partipilo v Jewel Food Stores
EEOC Charge No.: 440-2013-05630

Dear Ms. Marcus:

You requested the Illinois Department of Human Rights ("Department") to provide a copy of the above-named file.

Section 3 of the Freedom of Information Act states that each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act. 5 ILCS 140/3(a).

The Department's records do not indicate that it investigated a charge filed by Eileen Partipilo ("Ms. Partipilo") against Jewel Food Stores. The Department's records show that Ms. Partipilo filed a charge against Jewel Food Stores with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Department.

The Department's records show that on September 20, 2013, Eileen Partipilo ("Ms. Partipilo") filed a charge against Jewel Food Stores with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Department. On October 30, 2013, the Department notified Ms. Partipilo, via mail, that in order to proceed with her charge before the Department she must notify the Department in writing within 30 days after receiving the EEOC's findings. However, the Department's records do not show that Ms. Partipilo notified the Department in writing of her intent to proceed before the Department. Therefore, the Department did not investigate Ms. Partipilos' allegations. As such, the Department is unable to provide the requested material. Nonetheless, the Department is providing the documentation it has in its possession as to the aforementioned matter.

To the extent you consider this response to be a denial of your FOIA request, you have the right to submit a request for review by the Public Access Counselor ("PAC") of the Office of the Illinois Attorney General to: Public Access Counselor, Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706, Fax: 217-782-1396, E-mail: publicaccess@atg.state.il.us.If you choose to submit a request for review, you must do so within 60 days after the date of this response letter. The request for review must be in writing, signed by you, and include a copy of your FOIA request and this office's response. 5 ILCS 140/9.5(a). In addition, you have the right to seek judicial review of this response. 5 ILCS 140/11(a), (b).

Sincerely,

*Yolanda D. Godwin*

Yolanda G. Godwin
FOIA Officer

Encls.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (217) 785-5125, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.dhr/gov



EXHIBIT
2