UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN PARTIPILO, | |
| Plaintiff, | No. 16 C 4450 |
| v. | Judge Thomas M. Durkin |
| JEWEL FOOD STORES, INC; MIKE LAZZARO; and MARY MAISONET, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Partipilo brought this case after receiving a right to sue letter from the EEOC based on the 2013 conduct of her employer, Jewel, and two supervisors, alleging age discrimination, sex discrimination, retaliation, sexual harassment and hostile work environment, under Title VII, and assault, battery, and intentional infliction of emotional distress under state law. Several months after filing this case, Partipilo allegedly suffered wrongs at the hands of two other Jewel employees—an assault by defendant Maisonet in July 2016, who allegedly made crude sexual comments to her, and a battery by defendant Lazzaro in August 2016, who allegedly "punched her in the groin area, legs, and stomach." Based on these new allegations, Partipilo amended her complaint on October 25, 2016, to include state law tort claims against Jewel, Maisonet, and Lazzaro. *See* R. 38. Partipilo also initiated a new charge with

the EEOC on January 3, 2017 alleging hostile work environment claims against Jewel based on Maisonet's and Lazzaro's conduct. *See* R. 111 at ¶ 114.[1]

Jewel and Lazzaro moved to dismiss the assault, battery, and intentional infliction of emotional distress claims against them. R. 60.[2] In an opinion dated April 27, 2017, the Court dismissed the assault, battery, and intentional infliction of emotional distress claims against Jewel, but allowed Partipilo to proceed with her assault claim against Maisonet and the battery claim against Lazzaro. R. 75.[3] Although Jewel argued that the Court lacked supplemental jurisdiction over the battery claim against Lazzaro (citing case law holding that the "mere fact that claims arise from the same employment relationship is insufficient to warrant the exercise of supplemental jurisdiction," R. 61 at 14), the Court nonetheless reasoned that "[i]t may be that the alleged acts from 2013 and 2016 can combine to form a hostile work environment under Title VII," and that this could form an adequate basis for supplemental jurisdiction over the battery claim against Lazzaro and the assault claim against Maisonet. R. 75 at 16.

On May 11, 2017, Jewel and Lazzaro moved to reconsider the Court's ruling on the supplemental jurisdiction question. R. 78. Before the Court could address that motion, Partipilo replaced her counsel on June 27, 2017. R. 93; R. 95. Meanwhile, on June 26, 2017, the EEOC issued a right to sue letter against Jewel

---

[1] Partipilo also filed a second amended complaint on December 28, 2016, R. 52, for reasons that are not germane to the motion at issue in this order.

[2] Jewel's attorneys are also representing Lazarro, but not Maisonet, who is pro se. Nevertheless, Jewel's arguments are relevant to the claim against Maisonet, so the Court considers them in that regard.

[3] The federal Title VII claims against Jewel were not at issue.

2

based on Maisonet's and Lazzaro's alleged conduct in 2016. *See* R. 111 ¶ 2. On September 19, 2017, nearly three months later, but within the 90 day statute of limitations for acting on an EEOC right to sue letter, Partipilo (through her new counsel) sought leave to file a third amended complaint that included Title VII claims based on Maisonet's and Lazzaro's conduct in 2016, which the Court granted. R. 107. Partipilo filed her third amended complaint on September 22, 2017. R. 111.

In light of the third amended complaint, the Court denied Jewel and Lazarro's motion to reconsider as moot, and ordered new briefing on a refiled motion. *See* R. 107; R. 115. In their renewed motion, Jewel and Lazzaro argue that Partipilo should not have been granted leave to file the third amended complaint, and that the new allegations regarding the 2016 conduct should be stricken, because (1) "Plaintiff purportedly brings her Third Amended Complaint in an effort to assert one, continuing hostile work environment claim against Jewel from 2013 through 2016," but "[s]uch an amendment is futile," R. 117 at 3; (2) "Plaintiff unreasonably delayed in bringing her 2016 Title VII claims into the instant lawsuit," *id.* at 7; and (3) Jewel will be prejudiced by additional discovery and by jury confusion if the 2013 and 2016 facts are presented to the same jury, *id.* at 10-11. *See Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) ("[C]ourts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."). In sum, Jewel and Lazarro argue that Partipilo should not be permitted, or has no basis upon which, to

3

bring federal Title VII claims in this case based on the 2016 conduct of Maisonet and Lazzaro. And absent such an ability to state federal claims based on the 2016 conduct, her state law tort claims based on the 2016 conduct should be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").[4]

A.  **Futility**

Jewel argues that Partipilo's amendment is futile because she has not alleged a continuing hostile work environment from 2013 through 2016 that can serve as a basis to exercise supplemental jurisdiction over the 2016 assault and battery claims. The Court agrees that Partipilo has not plausibly alleged a single hostile work environment continuing from 2013 through 2016. The harassment allegedly began in March 2013. Once Jewel transferred Partipilo's supervisor in May 2013, Partipilo fails to allege any further harassment until July 2016. Thus, there was at least a three-year period without harassment. The Seventh Circuit has held that

---

[4] Partipilo argues that the Court can only reconsider its decision to grant her leave to amend her complaint if the Court's decision exhibited a "manifest error of law." *See* R. 119 at 4. It is true that a "manifest error of law" is a sufficient basis to grant a motion to reconsider. But a district court has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment," *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015), even simply because of "the court's misunderstanding of a party's argument." *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015). Here, the Court granted Partipilo leave to amend her complaint without giving Jewel the opportunity to brief the issue. It is appropriate to give Jewel the opportunity to challenge that decision in the first instance.

4

this length of time between incidents of harassment is insufficient to establish an ongoing hostile work environment. *See Lucas v. Chi. Trans. Auth.*, 367 F.3d 714, 727 (7th Cir. 2004) (three-year gap); *Bass v. Joliet Public School Dist. No. 86*, 2013 WL 1181497, at *6 (N.D. Ill. Mar. 20, 2013) (two-year gap).

The parties address the question of whether Partipilo has alleged a hostile work environment stretching from 2013 through 2016 because the Court suggested in its April 27 opinion that such a claim was a possible basis for the Court to exercise supplemental jurisdiction over the 2016 assault and battery claims. But after the Court's April 27 ruling, Partipilo amended her complaint to include free-standing Title VII claims based on Maisonet's and Lazzaro's conduct in 2016 (in other words, federal claims not associated with the 2013 conduct). If those allegations state valid federal claims based on the 2016 conduct alone, then they will be a sufficient basis to exercise supplemental jurisdiction over the state law claims that are also based on that conduct, even absent a plausible allegation of a hostile work environment stretching from 2013 through 2016. Thus, Partipilo's amendment is not futile.

### B. Delay

Jewel also contends that the Court should reconsider its grant of leave to amend because Partipilo's decisions (1) to wait five months to bring charges to the EEOC; (2) to allow her charge "to languish in the EEOC for five months"; and (3) to wait three months to amend once she received her right to sue letter, taken together constitute undue delay. R. 117 at 7. Jewel is correct that a mechanism exists for

5

Partipilo to prod the EEOC to move faster on her charge. *See Ortega v. Chi. Bd. of Ed.*, 2017 WL 5593350, at *15 (N.D. Ill. Nov. 21, 2017). It also may be that Partipilo could have acted faster to first bring a charge with the EEOC, and then to amend once she received a right to sue letter. But the Court cannot say that the delays at issue here are "undue." Jewel has not cited any authority finding undue delay in analogous circumstances.

Moreover, even if Partipilo could have acted faster to bring federal claims based on the 2016 conduct, Jewel has long had notice of Partipilo's intention to bring claims based on the 2016 conduct, and to bring federal claims specifically. Partipilo amended her complaint in October 2016 to include state claims based on that conduct. And as of January 2017 when Partipilo filed her EEOC charge, Jewel knew that she was pursuing federal claims. This notice undermines Jewel's argument that the delay here was prejudicial.

Additionally, the Court is particularly reluctant to force Partipilo to refile her 2016 claims in a separate case where the great majority of the delay occurred while Partipilo was represented by her prior counsel, who the Court already has sanctioned for his conduct in this case. The Court is reluctant to force Partipilo to pay a second fee to refile what are otherwise timely claims, that will likely be reassigned to this Court as related to this case even if they were refiled separately.

C. **Prejudice**

Jewel also argues that it will be prejudiced by extending discovery, and at trial if the same jury is allowed to hear about both the 2013 and 2016 incidents. But

6

discovery has not closed, and the Court and the parties at the last status hearing anticipated setting a new date for close of discovery in light of this ruling. Jewel has not taken Partipilo's deposition yet, and Jewel has not argued that it would have to re-depose any witness if the 2016 claims remain in the case. Additionally, any actual or anticipated prejudice at trial can be avoided or remedied as necessary, and it is not a reason to force Partipilo to file a second lawsuit to bring claims that are otherwise properly before the Court.

### D. Title VII Claims Based on the 2016 Conduct

As mentioned, Jewel focused its arguments seeking reconsideration of the Court's supplemental jurisdiction ruling on whether Partipilo has plausibly alleged a hostile work environment continuing from 2013 through 2016. As a result, Jewel failed to argue that Partipilo cannot state free-standing (that is, without reference to the 2013 conduct) Title VII claims based on Maisonet's and Lazzaro's 2016 conduct. However, in anticipation of further arguments on that issue, considering the straightforward nature of the factual allegations, and in the interest of moving the case forward, the Court makes the following rulings regarding whether Partipilo has stated Title VII claims based solely on the 2016 conduct:

As an initial matter, although Partipilo brings separate discrimination, retaliation, and hostile work environment claims against Jewel based on the 2013 conduct, Partipilo has not alleged that Jewel, Maisonet, or Lazzaro discriminated against her in 2016 other than by creating a hostile work environment. There are simply no allegations in the complaint of any other discrimination. For instance,

7

Partipilo does not allege that she was demoted or given unfavorable hours or suffered any other adverse action in 2016 (as she does with respect to the 2013 conduct). The only possible Title VII claim based on the 2016 conduct by Maisonet and Lazzaro is for harassment or a hostile work environment.

To state a claim for a hostile work environment, Partipilo must allege facts sufficient "to show that she was subjected to unwelcome conduct because of her sex; that the conduct was so severe or pervasive that it created a hostile or abusive working environment; and that there was a basis for [the employer's] liability. The unwelcome conduct can be sexist—demonstrating animus toward women—or sexual. It must be both subjectively and objectively severe or pervasive." *Berry v. Chi. Trans. Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

### 1. Mainsonet's Conduct

Partipilo's hostile work environment claim as it relates to Maisonet fails because Maisonet's alleged comments were not severe or pervasive enough to create a hostile environment. The Court "evaluate[s] such comments using a variety of factors, including their frequency and severity, whether they were physically threatening or humiliating, and whether they unreasonably interfered with an employee's performance." *Berry*, 681 F.3d at 691.

Partipilo alleges only two incidents in which Maisonet made harassing comments to her. The first was on July 27, 2016, when Maisonet allegedly made a "humping and grinding gesture" in front of Partipilo and several other employees. *Id.* ¶ 91. Maisonet also allegedly told Partipilo that she "did not have an ass," and

8

should try anal sex because it would cause her ass to grow. *Id.* ¶ 92. Maisonet warned Partipilo that anal sex would hurt at first but that she would eventually enjoy it. *Id.* ¶ 93. Partipilo complained to her manager about these incidents, and the manager promised to speak with Maisonet. *Id.* ¶ 95.

The second was on August 2, 2016, when Partipilo was in "the backroom of the produce department" with two other employees and Maisonet approached her with a banana and told Partipilo that she wanted to stick the banana up Partipilo's "hole." *Id.* ¶¶ 97, 99. Partipilo again complained to her manager, and called Jewel's "employee hotline." *Id.* ¶¶ 100-01.

These two isolated incidents of bawdy and vulgar comments and gestures, while highly objectionable, do not reach the necessary level of severity or pervasiveness to constitute harassment. *See Mercer v. Cook County*, 527 Fed. App'x 515, 521 (7th Cir. 2013) ("boorish or offensive stray remarks that were neither severe or pervasive enough to create an objectively hostile work environment"); *McPherson v. City of Waukegan*, 379 F.3d 430, 438 (7th Cir. 2004) ("distinguish[ing] between harassing and merely objectionable conduct"); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 754 (7th Cir. 2002) (eight gender-related comments over the course of plaintiff's employment "were too isolated and sporadic to constitute severe or pervasive harassment"). Partipilo does not suggest that Maisonet made similar comments frequently or on any other occasions. Maisonet, like Partipilo, is a woman. While it is reasonable to infer that she felt humiliated by the comments, she does not allege, nor can the Court reasonably infer, that she felt physically

threatened by them. Nor can the court infer from the complaint's allegations any basis for concluding that Maisonet's comments affected Partipilo's performance of her job duties. Thus, Maisonet's conduct cannot serve to state a claim for a hostile work environment.

Without a basis in federal law for Maisonet's conduct to be before the Court, the Court also declines to exercise supplemental jurisdiction over Partipilo's assault claim against Maisonet, and the assault claim is not derived from "a common nucleus of fact" with any of the remaining claims. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) ("Claims form part of the same case or controversy when they derive from a common nucleus of operative fact."). Accordingly, the federal claims against Jewel based on Maisonet's conduct are dismissed with prejudice, and the assault claim against Maisonet is dismissed without prejudice for lack of federal jurisdiction.

### 2. Lazzaro's Conduct

By contrast, Partipilo's allegation that Lazzaro punched her in the "groin area, legs, and stomach," although an isolated incident, states a claim for a hostile work environment. *See Berry*, 618 F.3d at 692 ("a single act can create a hostile environment if it is severe enough"). Physical "assaults within the workplace create an objectively hostile work environment for an employee even when they are isolated." *Lapka v. Chertoff*, 517 F.3d 974, 983 (7th Cir. 2008). Such conduct is not "expected" from a co-worker. *See Patton v. Keystone RV Co.*, 455 F.3d 812, 816 (7th Cir. 2006) ("when the physical contact surpasses what (if it were consensual) might

be expected between friendly coworkers . . . it becomes increasingly difficult to write the conduct off as a pedestrian annoyance.").

It is also plausible that Lazzaro would not behave similarly towards a man, and nothing in the complaint makes it implausible that Lazzaro took these actions because of Partipilo's gender. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("[H]arassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. . . . For instance, discrimination can be shown through direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace"); *see also Smith v. Sheahan*, 189 F.3d 529, 534 (7th Cir. 1999) ("In a sex discrimination case, the action need not be inspired by sexual desire, assuming for the sake of argument that rape or sexual assault is anything but an act of violence. Breaking the arm of a fellow employee because she is a woman, or, as here, damaging her wrist to the point that surgery was required, because she was a woman, easily qualifies as a severe enough isolated occurrence to alter the conditions of her employment."). Although Partipilo does not expressly allege that Lazzaro hit her because she is a woman, she alleges that she was "subject[ed] to a hostile work environment . . . based on her gender." R. 111 ¶ 135. Further, although her allegations indicate the Lazzaro hit her because he was unhappy with her work, *id.* ¶¶ 102-05, the extraordinary nature of his alleged response to his displeasure makes it plausible to infer that Lazzaro would not have responded similarly to a male employee.

Additionally, Lazzaro is allegedly Partipilo's her supervisor, thus creating plausible liability for Jewel under Title VII.

To the extent Partipilo may argue that Maisonet's conduct can be joined to Lazzaro's in a larger hostile work environment, the Seventh Circuit has rejected such an argument. *See McPherseon*, 379 F.3d at 439 (a later physical assault that was a basis for a hostile work environment claim did not serve to encompass prior objectionable comments that by themselves did not create a hostile work environment).

## Conclusion

Jewel's motion to reconsider, R. 116, is granted to the extent that any Title VII claim based on Maisonet's conduct is dismissed. The dismissal is with prejudice because Partipilo has already had three opportunities to amend her complaint. Since the federal claim based on Maisonet's conduct has been dismissed, the Court also declines to exercise supplemental jurisdiction over the assault claim against Maisonet, and that claim is dismissed without prejudice. Partipilo's motion for a default judgment against Maisonet, R. 120, is denied as moot. Additionally, Jewel and Lazzaro's motion to reconsider, R. 116, is denied to the extent that the Title VII and battery claims based on Lazzaro's conduct in 2016 will proceed.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: December 4, 2017

12